OPINION
Appellant Tanya Garner appeals the decision of the Court of Common Pleas, Stark County, Juvenile Division, granting permanent custody of her four children to Appellee Stark County Department of Human Services ("SCDHS"). The relevant facts leading to this appeal are as follows.
On July 5, 1995, appellant's four children, Marquis, Michael, Marcel, and Mark, were found to be dependent, and the trial court granted temporary custody to SCDHS. On November 20, 1996, the court granted long term foster care.
On February 20, 2000, SCDHS moved for permanent custody. The matter proceeded to trial on April 14, 2000. On May 8, 2000, the trial court rendered a judgment entry finding that none of the four children could be placed with either parent at the time or within a reasonable period of time, and granted permanent custody to SCDHS.
Appellant filed a notice of appeal on June 6, 2000. The Stark County Clerk of Courts issued a notice of the filing of the record on June 28, 2000. On July 17, 2000 appellant filed a motion for an extension of time in which to file her brief. We denied any extension via our judgment entry of July 20, 2000. Appellant nonetheless filed her brief on July 31, 2000, and herein raises the following two Assignments of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED AN ERROR AS TO LAW WHEN IT FAILED TO RECOGNIZE THAT THE CHILDREN COULD BE RETURNED TO APPELLANT WITHIN A REASONABLE TIME.
 II. THE TRIAL COURT ABUSED ITS DISCRETION COMMITTED AN ERROR AS TO LAW WHEN IT FOUND THAT IT WOULD BE IN THE CHILDREN'S BEST INTEREST TO BE PLACED IN THE PERMANENT CUSTODY OF THE DEPARTMENT OF HUMAN SERVICES.
 I and II
This appeal stems from a granting of permanent custody. App.R. 11.2, effective July 1, 2000, prioritizes the appeal procedure in adoption and parental rights cases. In particular, App.R. 11.2(B)(2) states as follows:
 (2) Briefs. Briefs shall be in the form specified by App.R. 16. Extensions of time for filing briefs shall not be granted except in the most unusual circumstances and only for the most compelling reasons in the interest of justice. The filing of briefs otherwise shall comply with App.R. 18.
On July 20, 2000, we overruled appellant's motion for an extension of time to file her merit brief, specifically citing the above rule. Appellant's brief is therefore improperly filed.
In conformity with our previous procedural ruling in this case, and pursuant to this Court's discretion per App.R. 18(C)[1], the appeal is hereby dismissed.
Wise, J., Gwin, P.J., and Hoffman, J., concur.
[1] "(C) Consequence of failure to file briefs:
 If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal. * * *."